# Richmond

## WILLIAM LEE ROLLINS v. TOWN OF GORDONSVILLE.

June 13, 1975.

Record No. 740962.

Present, All the Justices.

*(S. Page Higginbotham; Higginbotham & Puryear*, on brief), for plaintiff in error.

*(Ulysses P. Joyner, Jr., Town Attorney*, on brief), for defendant in error.

Case submitted on briefs.

Per Curiam.

Defendant, William Lee Rollins, was convicted by a jury of operating a motor vehicle while under the influence of alcoholic beverages, in violation of an ordinance of the Town of Gordonsville. He contends that the ordinance was vague and indefinite and therefore unenforceable.

The town ordinance incorporated by reference "all of the provisions of the laws of Virginia contained in Title 18.1, Article 6, of

the Code of Virginia, as amended, and in force on July 1, 1972." The title of the ordinance read: "Adoption of portion of state law regarding driving under the influence."

Code § 46.1-188, as amended in 1972, permits local authorities to incorporate appropriate provisions of "Article 6 [§ 18.1-54, et seq.] of *chapter 2* of Title 18.1" into their ordinances by reference. (Italics supplied.)

When one statute adopts another by specific reference, only those particular parts of the statute referred to are incorporated. *Linthicum State ex rel.* v. *The Board· of Com'rs. Vanderburgh County*, 175 Ind. 400, 94 N.E. 716 (1911); *Bancroft* v. *Frear*, 144 Wis. 79, 128 N.W. 1068 (1910). *See also 2A Sutherland on Statutory Construction*, § 51.08 at 324-25 (4th rev. ed., C. Sands, 1973).

The instant ordinance failed to refer to the *chapter* of Article 6 of Title 18.1 of the Code. This omission left the ordinance vague and indefinite because at the time the ordinance was adopted two of the eight chapters under Title 18.1 contained an article 6. Without specific reference to Article 6, *Chapter 2*, of Title 18.1, a person could not receive fair notice of the relevant law by reading this penal ordinance. In addition, the title of the ordinance is not to be read as a part of it. *See* Code § 1-13.9.

Penal ordinances are to be strictly construed, and are not to be extended by implication or construction to embrace cases which are not within their letter and spirit. *Berry* v. *City of Chesapeake*, 209 Va. 525, 526, 165 S.E.2d 291, 292 (1969); *Barber* v. *City of Danville*, 149 Va. 418, 421-22, 141 S.E. 126, 127 (1928).

Since this ordinance is vague and indefinite, it is unenforceable. The judgment of the court below is reversed, and the case is dismissed.

*Reversed and dismissed.*