JULIA LEE REARDON

v.

CITY OF MANASSAS

No. 0175-89-4

Decided October 30, 1990

Counsel

Michael K. Murphy, for appellant.

Kristina A. Keech (Robert A. Bendall; Peter W. Steketee; Smith and Davenport on brief), for appellee.

Opinion

**BARROW, J.**—In this criminal appeal, we hold that City of Manassas ordinance § 17-331[1] successfully incorporates Code § 18.2-266(i)[2] by reference. The appellant contends that by including the words "pertaining to driving motor vehicles while intoxicated" in the ordinance, the City excluded subsection (i) of Code § 18.2-266 because that subsection makes it unlawful to drive with a blood alcohol concentration of 0.10 percent or more, which is not necessarily related to driving while intoxicated. The appellant similarly argues that Code § 15.1-132, which authorizes local governments to make ordinances "prohibiting the driving of motor vehicles . . . by any person while under the influence of alcohol," does not enable a locality to make an ordinance prohibiting the mere driving of a motor vehicle while one's blood alcohol level is 0.10% or more. We disagree.

■ Code § 46.1-188 (since repealed) allows local governments to incorporate "Article 2 (§ 18.2-266 et seq.) of Chapter 7 of Title 18.2 into such ordinances by reference." A locality incorporating a statute under Code § 46.1-188 must refer with specificity to those parts of the statute it wishes to incorporate; otherwise the ordinance will be found vague and indefinite. *Rollins v. Town of Gordonsville*, 216 Va. 25, 26, 215 S.E.2d 637 (1975). City ordinance § 17-331 specifically adopts "[t]he provisions of section 18.2-266 of the Code of Virginia." This language demonstrates an intent to adopt § 18.2-266 as a whole.

---

[1] "The provisions of section 18.2-266 of the Code of Virginia (1950). . . *pertaining to driving motor vehicles while intoxicated,* are hereby adopted and incorporated mutatis mutandis in this chapter by reference pursuant to the authority contained in section 46.1-188 of the Code of Virginia (1950), as amended." (emphasis added.)

[2] In its pertinent part, § 18.2-266(i) states: "It shall be unlawful for any person to drive or operate any motor vehicle . . . while such person has a blood alcohol concentration of 0.10 percent or more. . . ."

■ Furthermore, both article 2 of chapter 7 of title 18.2 and the statute itself are headed with the words, "Driving Motor Vehicle, etc., While Intoxicated." The words in the city ordinance adopting provisions of the statute "pertaining to driving motor vehicles while intoxicated" are words of description and do not act to exclude subsection (i) from incorporation. The appellant's argument would have us restructure the sentence and move this descriptive phrase to modify "provisions" instead of "section 18.2-266."

The same reasoning applies to the enabling legislation, Code § 15.1-132. The words "driving while under the influence" were not meant to define the prohibited conduct, but rather to enable a locality to legislate in an area defined by the General Assembly. One only need look to Code § 18.2-266 to discover what that body has deemed "driving while intoxicated." Driving a motor vehicle with a blood alcohol concentration of 0.10 percent or more falls into that category *per se*.

Accordingly, the decision of the trial court is affirmed.

*Affirmed.*

Benton, J., and Moon, J., concurred.