## CIRCUIT COURT OF ARLINGTON COUNTY

City of Falls Church

v.

Keith J. Biesecker

December 3, 1991

Case No. 91–347

BY JUDGE THOMAS R. MONROE

This cause came on to be heard upon the Defendant's Motion to Reconsider. After consideration of the pleadings, submissions, and arguments of counsel, the Court makes the following findings.

On December 2, 1990, the defendant, Keith Biesecker, was arrested and charged under Falls Church City Code Section 20–2 with driving under the influence of alcohol. On April 30, 1991, the defendant filed a motion in limine asking the Court to declare the Falls Church driving while intoxicated (DWI) ordinance invalid on the grounds that the ordinance provided for a lesser punishment than that provided by state law.

The Court denied the defendant's motion, basing its ruling on the recent Court of Appeals opinions found in *Stevenson v. City of Falls Church*, Record No. 1956–89–R (April 23, 1991), and *Reardon v. City of Manassas*, 11 Va. App. 244 (1990). The defendant now appears before the Court on a motion to reconsider the ruling of April 30, 1991.

Falls Church City Code § 20–2 incorporates by reference the prohibitions against driving under the influence of alcohol found in Virginia Code § 18.2–266 *et seq.* A violation of § 20–2 is penalized according to Falls Church City Code § 22–1. Virginia Code § 18.2–270 makes driving under the influence a Class 1 misdemeanor. When the ordinance was enacted, the Code and the ordinance mandated the same punishment for a Class 1 misdemeanor, a maximum fine of $1,000.00 Va. Code § 18.2–11; Falls Church City Code § 22–1. At

the time of defendant's arrest, an amendment to the state code had increased the fine to $2,500.00; however, Falls Church had not yet amended the penalty provision of the City Code to reflect the change.

Va. Code § 15.1–132 allows local governing bodies to enact ordinances prohibiting driving a motor vehicle while under the influence of alcohol. Localities may proscribe equivalent or greater fines and punishments than state law but may not proscribe lesser punishments than that dictated by state law for the same offense.

The Court of Appeals recently held that a county DWI ordinance which provided for a lesser punishment than Va. Code § 18.2–270 violated Va. Code § 15.1–132. *Commonwealth v. Holtz*, 12 Va. App. 1151 (1991); *Commonwealth v. Knott*, 11 Va. App. 44 (1990). In both cases, the Court found Fairfax County Code § 82–4–21 invalid because the ordinance did not specifically include convictions under Section 18.2–266 as prior convictions for the purpose of enhanced punishment.

The Falls Church City ordinance in effect at the time of defendant's arrest provided for a lesser punishment than Va. Code § 18.2–270. The defendant was charged under a Falls Church City ordinance which provided for a maximum fine of $1,000.00. If he had been convicted under the state code, he could have received a fine of up to $2,500.00. Therefore, the local ordinance allowed the judge to impose a lesser penalty than that dictated by the state code.

The Court reverses its ruling of April 30, 1991, by holding that the Falls Church City DWI ordinance Section 20–2 is invalid because it provided for a lesser punishment than that proscribed by Va. Code § 18.2–270 in violation of Va. Code § 15.1–132.