COURT OF APPEALS OF VIRGINIA


Present: Judges Baker, Coleman and Elder
Argued at Richmond, Virginia


MICHAEL E. COPELAND

v.        Record No. 0654-95-2        MEMORANDUM OPINION*
                                  BY JUDGE JOSEPH E. BAKER
COMMONWEALTH OF VIRGINIA                MARCH 12, 1996


            FROM THE CIRCUIT COURT OF DINWIDDIE COUNTY
                     Thomas V. Warren, Judge

          C. David Whaley (Elizabeth Dashiell Scher;
          Morchower, Luxton and Whaley, on brief), for
          appellant.

          Robert B. Beasley, Jr., Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General, on brief), for appellee.


     In this appeal by Michael E. Copeland (appellant) from a

judgment of the Circuit Court of Dinwiddie County (trial court)

that approved his jury trial conviction "of operating a motor

vehicle after his privilege to drive had been suspended or

revoked," the sole issue presented is whether the evidence is

sufficient to support the conviction.

     Viewing the evidence in the light most favorable to the

Commonwealth, the record discloses that at approximately 1:30 in

the afternoon of January 30, 1994, Virginia State Trooper Mark

Haygood (Haygood) was patrolling the parking lot of a rest stop

off Interstate 85 in Dinwiddie County. At that time, Haygood

observed appellant seated behind the wheel of a Cadillac

─────────────
     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

automobile that was parked on the lot.  The Cadillac's motor was not running and there was no key in the ignition switch.  There were no other people in the vicinity of the vehicle.

Haygood drove approximately twenty-five yards past the Cadillac then observed appellant exit and walk around the front of the vehicle.  Haygood returned to where appellant was, approached him, and engaged him in a casual conversation.  At Haygood's request, appellant produced St. Paul's College and Virginia identification cards, one of which Haygood used to check for any motor vehicle violations.  Haygood learned that appellant's license to drive had been suspended or revoked and cautioned appellant not to drive.  Nothing in the record discloses that appellant disregarded that instruction.  In addition, nothing in the record reveals who owned the Cadillac or to whom its license plates had been issued.  Appellant made no incriminating statement.

Haygood remained on the parking lot approximately forty minutes during which time he saw no other person approach the Cadillac or enter the lot on which the vehicle was parked. Haygood left the parking lot without charging appellant with any driving offense; however, the next day he caused a warrant of arrest to be issued against appellant, charging that appellant "did unlawfully in violation of Section 46.2-301, Code of Virginia: Operate a motor vehicle on a public highway in this Commonwealth to wit: Drive on Suspended or revoked license, 2nd

or Subsequent offense."  In relevant part, Code 46.2-301

provides:

> B. Except as provided in §§ 46.2-304 and 46.2-357, no resident or nonresident (i) whose driver's license, learner's permit, or privilege to drive a motor vehicle has been suspended or revoked or (ii) who has been directed not to drive by any court, by the Commissioner, or by operation of law pursuant to this title or (iii) who has been forbidden, as prescribed by law, by the Commissioner, the State Corporation Commission, the Commonwealth Transportation Commissioner, any court, or the Superintendent of State Police, to operate a motor vehicle in the Commonwealth shall thereafter drive any motor vehicle or any self-propelled machinery or equipment on any highway in the Commonwealth until the period of such suspension or revocation has terminated.  A clerk's notice of suspension of license for failure to pay fines or costs given in accordance with § 46.2-395 shall be sufficient notice for the purpose of maintaining a conviction under this section. For the purposes of this section, the phrase "motor vehicle or any self-propelled machinery or equipment" shall not include mopeds.

Code § 46.2-301(B).

> Penal statutes are to be strictly construed against the Commonwealth and in favor of the citizen's liberty. . . . Such statutes may not be extended by implication; they must be applied to cases clearly described by the language used. . . . And the accused is entitled to the benefit of any reasonable doubt about the construction of a criminal statute.

Stevenson v. City of Falls Church, 243 Va. 434, 436, 416 S.E.2d

435, 437 (1992) (quoting Martin v. Commonwealth, 224 Va. 298,

300-01, 295 S.E.2d 890, 892 (1982)).  Code § 46.2-301(B) requires

- 3 -

that the Commonwealth prove beyond a reasonable doubt that appellant operated a motor vehicle on a highway in the Commonwealth.  There is no evidence that appellant drove the Cadillac onto or off of the parking lot.  There appears to be some conflict in the cases as to whether if there is a key in the ignition, and the defendant is seated behind the wheel, the switch needs to be in the "ON" position.  Here, it has not been shown that a key was in the ignition or even whether appellant had keys that would fit the switch.  Therefore, not only has it not been shown that appellant "drove" the Cadillac, it has not been shown whether he possessed the capability of "operating" the vehicle.

For the reasons stated, we hold that the Commonwealth has not met its burden to prove beyond a reasonable doubt that appellant drove or operated a motor vehicle after his license to drive had been suspended or revoked.

Accordingly, the judgment of the trial court is reversed and the charge dismissed.

Reversed and dismissed.