**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-4076

NIGEL JUDSON MACCADO,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-94-366-A)

Submitted: September 10, 1996

Decided: October 10, 1996

Before WIDENER, HALL, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph J. McCarthy, DELANEY, MCCARTHY, COLTON &
BOTZIN, P.C., Alexandria, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, Barbara N. Bandfield, Special Assistant
United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Nigel Judson Maccado appeals his conviction for driving without an operator's license, 36 C.F.R. § 4.2 (1996), assimilating VA. CODE ANN. § 46.2-301 (Michie 1966), and driving while intoxicated, 36 C.F.R. § 4.23(a)(3) (1966). Maccado claims the Government presented insufficient evidence that he either drove or operated a motor vehicle at the time of his arrest.* Finding no error, we affirm.

Officers of the United States Park Police arrested Maccado on the George Washington Memorial Parkway after finding him asleep in the driver's seat of a van parked on an exit ramp. The van's engine was turned off, but its key was in the ignition. Upon awakening, Maccado told an officer "that he had not been drinking, and that he had just pulled over so that his friend could go to the bathroom." After officers failed to find his friend, Maccado told the officer that he had been waiting for about thirty minutes for the same friend, who had driven the van.

At trial, Maccado presented the testimony of Antonio Rivera, who testified that he drove the van on the night of Maccado's arrest. Rivera stated that he and Maccado drove another friend home and that the van broke down on the Parkway. Rivera stated that he parked the van on the exit ramp and hitched a ride to a gas station to call Maccado's wife for a ride home. However, Rivera could neither describe the area where he allegedly parked the van nor the route he drove to reach the Parkway.

In reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the prosecution, and will not disturb a verdict supported by substantial evidence. Glasser v. United States, 315 U.S. 60, 80-82 (1942). Additionally, this court generally will not second-guess a trial court's credibility assessments. United States v. Russell, 971 F.2d 1098, 1109 (4th Cir. 1992), cert. denied, 506 U.S. 1066.

_____
*Maccado stipulated at trial to all other necessary elements of the charged offenses.

Here, the Government presented substantial evidence that Maccado drove or operated the van on the night of his arrest. A Park Police officer testified that he found Maccado alone in the driver's seat with the key in the ignition, and that Maccado told him that "he had just pulled over so his friend could go to the bathroom." Maccado's only evidence to the contrary was Rivera's testimony, which the trial court was well within its discretion to discredit. Rivera could neither describe the location in which he allegedly parked the van nor the route he drove to reach the Parkway. Further, Rivera's testimony constituted Maccado's third explanation for the events leading to his arrest. Thus, the trial court was well within its discretion to find Rivera's testimony incredible.

Further, Maccado's reliance on Stevenson v. City of Falls Church, 416 S.E. 2d 435 (Va. 1992), is misplaced. In that case, the Supreme Court of Virginia reversed a conviction for driving while intoxicated, stating that "[b]ecause the presence of the key in the ignition switch in the off position did not engage the mechanical or electrical equipment of Stevenson's car, Stevenson did not `drive or operate' the car within the meaning of the statutes." Stevenson, 416 S.E. 2d at 438.

Even if Maccado's key case was in the off position, his reliance on Stevenson is unavailing because his statement to the officer--that "he had just pulled over"--established that he drove the van.

Accordingly, we affirm Maccado's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED

3