COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Annunziata and Humphreys
Argued at Alexandria, Virginia


MANUEL WALSTON
                                            OPINION BY
v.    Record No. 1648-00-4    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                         FEBRUARY 5, 2002
COUNTY OF ARLINGTON


              FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                       Paul F. Sheridan, Judge

            Lynndolyn T. Mitchell (Robert L.
            Tomlinson II; Tomlinson & Associates, on
            brief), for appellant.

            Jason L. McCandless, Assistant Commonwealth's
            Attorney, for appellee.


     Manuel Walston was convicted in a bench trial of failure to

report a towed vehicle in violation of Arlington County Code

§ 14.2-38.2(B).  The sole issue on appeal is whether the trial

court erred in denying appellant's motion to strike the evidence

as insufficient.[1]  For the following reasons, we affirm

appellant's conviction.

                                I.

     Under familiar principles of appellate review, we examine the

evidence in the light most favorable to the Commonwealth, the

prevailing party below, granting to it all reasonable inferences

---

     [1] The record in this case does not contain a transcript of
the hearing, and the evidence presented by the parties has been
summarized in a written statement of facts.

fairly deducible therefrom.  See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

So viewed, the evidence established that on January 22, 2000, at 8:00 a.m. Patrick Timothy Murphy parked his car in a parking lot adjacent to an open CVS drugstore.  He entered the store, purchased several items and three to four minutes later returned to the parking lot to find his automobile missing.  He called his wife and asked her to report the "theft" to the police.

Officer Ahn, of the Arlington County Police Department, received the complaint at 8:08 a.m. and began to check the towing companies located on South Jefferson Davis Highway in Arlington County to see whether the car had been towed.  He located the vehicle and determined that it had been towed by Manuel Walston of Frank's Towing.  Walston told Officer Ahn that he towed the car because the drugstore did not open until 9:00 a.m. and he had seen Murphy's car in the lot at 7:00 a.m. Appellant stated that he checked the hood of the vehicle before he towed it and the hood was cool.

Officer Ahn asked Walston why he failed to call in the tow to the Arlington police as required.  Walston gave the officer three different versions of the facts surrounding the tow call. First, he said he had called in the tow but the dispatcher did not follow up on the information.  Next, he stated that he

called in the tow but the reception was bad.  Finally, he admitted he did not call in the tow because he had no radio.

Appellant presented no additional evidence and moved to strike the County's case.  He argued that: (1) Arlington County Code § 14.2-38.2(B) placed no duty on a tow truck operator to give the required notice; (2) there was no evidence establishing the ownership or control of the parking lot or parking space; and (3) the Arlington County code section should be strictly construed against the County.

The trial court denied appellant's motion.  It found that Walston's statements to the police officer proved his agency relationship to the owner of the property and to the tow operator.  Additionally, the County's evidence established that appellant recognized his obligation to give notice as required by the Arlington County Code and that he failed to do so.

## II.

In reviewing the sufficiency of the evidence, "the judgment of the trial court sitting without a jury is entitled to the same weight as a jury verdict."  Saunders v. Commonwealth, 242 Va. 107, 113, 406 S.E.2d 39, 42, cert. denied, 502 U.S. 944 (1991).

"[T]he trial court's judgment will not be set aside unless plainly wrong or without evidence to support it."  Hunley v. Commonwealth, 30 Va. App. 556, 559, 518 S.E.2d 347, 349 (1999).

Under familiar principles, penal statutes must be strictly construed against the Commonwealth. Stevenson v. City of Falls Church, 243 Va. 434, 436, 416 S.E.2d 435, 437 (1992). However, when statutory construction is required, we construe a statute to promote the end for which it was enacted, if such an interpretation can reasonably be made from the language used. VEPCO v. Board of County Supervisors, 226 Va. 382, 387-88, 309 S.E.2d 308, 311 (1983); Woolfolk v. Commonwealth, 18 Va. App. 840, 847, 447 S.E.2d 530, 533 (1994). Thus, a statute should be read to give reasonable effect to the words used "and to promote the ability of the enactment to remedy the mischief at which it is directed." Jones v. Conwell, 227 Va. 176, 181, 314 S.E.2d 61, 64 (1984). "Where a particular construction of a statute will result in an absurdity, some other reasonable construction which will not produce the absurdity will be found." Miller v. Commonwealth, 180 Va. 36, 41, 21 S.E.2d 721, 723 (1942).

### III.

Appellant contends that Arlington County Code § 14.2-38.2(B) requires the "owner, operator, or lessee of any parking lot . . . or the authorized agent or the one having control of such premises" to notify the police department of the tow rather than the tow truck driver. This argument is without merit.

Arlington County Code § 14.2-38.2(B) states:

It shall be lawful for any owner, operator, or lessee of any parking lot or parking area or space therein or part thereof, or of any other lot or building, or the authorized agent of the one having control of such premises to have any motor vehicle occupying such lot, area, space, or building, or part thereof, without the permission of such owner, operator, lessee, or authorized agent of the one having control of such premises removed by a tow truck service to a garage licensed by Arlington County or to a garage licensed by Fairfax County or the cities of Alexandria or Falls Church located within (3) miles of the boundary of Arlington County open for retrieval of vehicles by the owner or custodian twenty-four (24) hours per day, provided notice of such action shall be given before the vehicle is removed from the premises by the tow truck service to the Arlington County Police Department. Notice shall consist of:

(1) The name of the tow truck operator and tow truck service removing the vehicle;

(2) A description of the vehicle towed;

(3) The location of the trespassing vehicle and the time the tow truck service was contacted, except that the notice need not contain the time of contact if such tow was made pursuant to a pre-existing written contract;

(4) Where the vehicle is towed; and

(5) The name and address of the private property owner or designee who signed the written agreement to authorize the removal of vehicles from the property, or in those instances where a written agreement is not required, the name and address of the person authorizing the tow.

Any infraction of this subsection is unlawful and shall constitute a traffic infraction punishable by a fine of not more than one hundred dollars ($100.00). Such failure to report shall limit the amount

                   which may be charged for the storage and
                   safe-keeping of the towed vehicle to an
                   amount no greater than that charged for one
                   (1) day of storage and safe-keeping.

(Emphasis added.)

     Applying well established principles of statutory
construction to the instant case, the plain meaning of "notice
of such action shall be given before the vehicle is removed from
the premises by the tow truck service to the Arlington County
Police Department" is that the burden to call in the tow to the
police lies with the tow truck service, not the premises' owner,
operator, lessee, or authorized agent of the entity in control
of the premises.  When we construe the words "by the tow truck
service," giving them their ordinary meaning and reading the
notice requirement in conjunction with the penalty provision for
failure to provide such notice, the statutory language clearly
creates an obligation on the part of the tow truck operator to
call in the tow.  Any other reading would "result in an
absurdity."  See Miller, 180 Va. at 10, 21 S.E.2d at 723.

     Thus, the statutory language specifically delineates what
the tow truck driver must do before his action in towing a motor
vehicle is deemed "lawful."  He must, inter alia, provide
"notice" before the vehicle may be removed from the premises.
If he does so, he is protected by the statutory scheme, and he
may tow, store the vehicle and charge a storage fee until it is
redeemed by the owner.  If he does not follow the procedures set

- 6 -

out by Arlington County Code § 14.2-38.2(B), the tow truck driver is subject to two penalties: a conviction of a traffic infraction[2] and a limitation of costs to "one (1) day of storage" fees. Additionally, the notice required by the statute includes facts that only the tow truck operator would know, such as the name of the tow truck operator, the name of the tow truck service removing the vehicle, and where the vehicle is towed.

In the instant case, the evidence established that appellant knew he was required to call in the tow to the police and that he failed to do so. Appellant gave three conflicting scenarios to Officer Ahn about why he failed to call in the tow to the police and finally admitted he lied.

> The credibility of a witness and the inferences to be drawn from proven facts are matters solely for the fact finder's determination. See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989). In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt. See Speight v. Commonwealth, 4 Va. App. 83, 88, 354 S.E.2d 95, 98 (1987) (en banc).

Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998). Appellant's disingenuous statements allowed the trial court to disbelieve all of appellant's testimony and

---

[2] "Traffic infraction" means a violation of law punishable as provided in Code § 46.2-113, which is neither a felony nor a misdemeanor. Code § 46.2-100.

- 7 -

find that he failed to notify the police contrary to the requirements of Arlington County Code § 14.2-38.2(B).[3]

Next, appellant contends that, properly applied, a penal statute must be construed narrowly against the County. While we agree with this proposition, it does not change the outcome of this case. "We will not construe a penal statute in a manner that requires us to disregard the clear and obvious meaning of the statute." Huddleston v. United States, 415 U.S. 814, 831 (1974). The plain meaning of Arlington County Code § 14.2-38.2(B) placed the burden on appellant, the tow truck operator, to call in the tow information. He failed to do so, and for this reason we affirm appellant's conviction.

Affirmed.

---

[3] Appellant also contends that the trial court erred when it found the evidence sufficient to establish his agency relationship to the owner of the property and to the tow operator. Because we do not find this to be a statutory requirement of the County, we do not address it further.