COURT OF APPEALS OF VIRGINIA


Present:   Judges Powell, Alston and Senior Judge Annunziata
Argued at Alexandria, Virginia


JEAN PAUL ENRIQUEZ

MEMORANDUM OPINION[*] BY
v.       Record No. 0463-10-4        JUDGE ROSEMARIE ANNUNZIATA
                                     APRIL 5, 2011
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
Lisa B. Kemler, Judge

Alberto R. Salvado (Salvado, Salvado & Salvado, PC, on brief), for
appellant.

Gregory W. Franklin, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


On appeal from his conviction of operating a motor vehicle while under the influence of

alcohol in violation of Code § 18.2-266, Jean Paul Enriquez contends the trial court erred in

finding the evidence sufficient to prove he drove or operated the vehicle in which the police

found him.  We affirm the judgment of the trial court.

Background

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987)).

Thomas Feeney, a parking enforcement officer, found appellant's car illegally parked at a

bus stop around 3:12 a.m. on September 18, 2009, and issued a parking ticket.  When Feeney

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

attempted to place the ticket on the windshield, he saw appellant inside the car, apparently asleep. Feeney repeatedly tried but was unable to awaken or arouse appellant, so he contacted the police. Feeney recalled the "vehicle's radio was playing" at the time.

Officer Asonglefac responded to the scene and investigated. He testified that the keys were in the ignition, he "heard the [car] radio playing and [he] could see the light from the radio area." Asonglefac eventually awakened and questioned appellant. Appellant said he was there to visit his girlfriend, but he was unable to provide her address. Although Asonglefac detected a strong odor of alcohol and marijuana coming from the car, appellant told Asonglefac he had not been drinking. After having appellant exit the car to perform sobriety tests, appellant told Asonglefac he consumed a Long Island Iced Tea an hour earlier. Asonglefac could not recall if the ignition key was in the on or off position, but when asked if he turned off the radio, he testified, "When the keys were removed from the ignition, the radio went off."

The sole issue on appeal is whether appellant was "operating" the vehicle by having the keys in the ignition and the car radio illuminated and playing music.

### Discussion

This case is controlled by the Supreme Court's recent decision in Nelson v. Commonwealth, 281 Va. 212, ___ S.E.2d ___ (2011), and cases cited therein.

In Nelson, the Supreme Court affirmed the defendant's conviction for driving while intoxicated. Under facts substantially similar to those in this case, police officers first saw Nelson asleep or unconscious in his car. Although the car's engine was not running, the key was in the ignition and was in the "on or accessory position," the radio inside the vehicle was on, and the officers could hear music playing. Id. at 214, ___ S.E.2d at ___.

Nelson argued the Commonwealth failed to prove he was operating the vehicle. The Supreme Court rejected that argument and held that turning the ignition key to the accessory

position so as to activate the radio constituted "manipulating the . . . electrical equipment of the vehicle." Id. at 219, ___ S.E.2d at ___. The Supreme Court applied the following rationale to support its decision:

> "Operating" means "engaging the machinery of the vehicle which alone, *or* in sequence, will activate the motive power of the vehicle." [Stevenson v. City of Falls Church, 243 Va. 434, 438, 416 S.E.2d 435, 438 (1992)] (Emphasis added.) Manipulating the electrical equipment was one step between the "off" position and the point at which the motive power would be activated. While Nelson's action in turning the key to the "on" or "accessory" position of the ignition did not alone activate the motive power, it was an action taken "in sequence" up to the point of activation, making him the operator of the vehicle within the meaning of Code § 18.2-266.

Id. at 219, ___ S.E.2d at ___.

In Nelson, the Supreme Court distinguished its holding in Stevenson, in which it reversed Stevenson's DUI conviction. In Stevenson, police found the defendant asleep behind the steering wheel of a car located on a convenience store parking lot. Stevenson's engine and all other mechanical and electrical parts were turned off and, although the key was in the ignition, the arresting officer could not recall whether the key was in the "on" or the "off" position. 243 Va. at 435, 416 S.E.2d at 436.

We find this case distinguishable from Stevenson, in which no electrical or mechanical equipment was on or engaged, and more consistent with the reasoning employed in Nelson, in which a key placed in the car's ignition engaged or caused the radio to play. Here, appellant had the key in the ignition causing the radio to illuminate and play. When the police removed the key, the radio stopped playing. Thus, irrespective whether the Commonwealth established the key's exact position in the ignition, the key's placement and presence in the ignition activating the radio proved that appellant manipulated and "engaged" the car's electrical equipment, an action, that "'in sequence, will activate the motive power of the vehicle' . . . making him the

operator of the vehicle within the meaning of Code § 18.2-266." <u>Nelson</u>, 281 Va. at 219, ___

S.E.2d at ___ (quoting <u>Stevenson</u>, 243 Va. at 438, 416 S.E.2d at 438).  Accordingly, we affirm

appellant's conviction.

<u>Affirmed.</u>

Powell, J., dissenting.

Unlike the majority, I do not believe that Nelson v. Commonwealth, 281 Va. 212, ____ S.E.2d ____ (2011), is dispositive of this case. Instead, I think that the facts of this case are more similar to Stevenson v. City of Falls Church, 243 Va. 434, 416 S.E.2d 435 (1992). Therefore, I respectfully dissent and would reverse appellant's conviction for driving while intoxicated, second offense within five years, and dismiss his indictment.

As the majority correctly states, the Supreme Court of Virginia held in Nelson that

> "Operating" means "engaging the machinery of the vehicle which alone, *or* in sequence, will activate the motive power of the vehicle." [Stevenson, 243 Va. at 438, 416 S.E.2d at 438] (Emphasis added.) Manipulating the electrical equipment was one step between the "off" position and the point at which the motive power would be activated. While Nelson's action in turning the key to the "on" or "accessory" position of the ignition did not alone activate the motive power, it was an action taken "in sequence" up to the point of activation, making him the operator of the vehicle within the meaning of Code § 18.2-266.

Id. at 219, ____ at ____. The majority then concludes that "the key's placement and presence in the ignition activating the radio proved that appellant manipulated and 'engaged' the car's electrical equipment," which constituted operating the vehicle under Code § 18.2-266. This conclusion is not supported by the evidence in the record.

As previously stated, I believe that the facts of this case are more similar to those in Stevenson, 243 Va. at 435, 416 S.E.2d at 436, where the evidence proved that "[t]he key was in the ignition but it was not recalled whether the key was in the 'on' or 'off' position. The engine of the motor vehicle, and all of its other mechanical and electrical parts were off." There, the Supreme Court of Virginia held that because "[i]t was 'not recalled whether the key was in the "on" or "off" position[,]'" "on appeal, we must assume that the key was in the off position." Id. at 438, 416 S.E.2d at 438. Reasoning from that assumption, the Supreme Court of Virginia went on to hold that

> [b]ecause the presence of the key in the ignition switch in the off position did not engage the mechanical or electrical equipment of Stevenson's car, Stevenson did not "drive or operate" the car within the meaning of the statutes that were incorporated by reference in the Falls Church ordinance.

Id.

Both Nelson and Stevenson have similarities to and differences from the case at hand. In Nelson, the fact that the radio was playing was an important factor, but the dispositive fact appears to be the position of the key in the ignition. As the Supreme Court of Virginia stated,

> while Nelson's action in turning the key to the "on" or "accessory" position of the ignition did not alone activate the motive power, it was an action taken "in sequence" up to the point of activation, making him the operator of the vehicle within the meaning of Code § 18.2-266.

Nelson, 281 Va. at 219, ____ S.E.2d at ____. While the Court noted, significantly, that the radio was playing, it did so in the context of the position of the key. Id. at 217-19, ___ S.E.2d at ___. Specifically, the Supreme Court stated that the officer's "testimony left no doubt it was the key, whether in an 'on' position or an 'accessory' position, that turned on the 'factory mounted radio.'" Id. at 217, ___ S.E.2d at ___. A close read of Nelson indicates that while the fact that the radio was playing is important, it is the fact that the "factory mounted radio" was playing due to the position of the key in the "on" or "accessory" position that was dispositive.

By contrast, Stevenson differs from the facts at bar because none of the mechanical or electrical equipment of the car was engaged. Stevenson, 243 Va. at 435, 416 S.E.2d at 436. However, again, the focal point of the decision was the position of the key. There, the Supreme Court of Virginia ruled that because the officer could not recall whether the key was in the "on" or "off" position, they had to assume the key was in the "off" position. Id. at 438, 416 S.E.2d at 438. As in Stevenson, because the officer in this case does not know whether the key was in the "on" or "off" position, we must assume that it was in the "off" position.

The question then becomes whether the fact that the radio was playing and that it stopped when the key was removed, is sufficient to overcome that assumption. We must further factor in the fact that unlike in <u>Nelson</u>, there is no evidence of whether the radio was a factory installed radio or an after-market one. Indeed, the officer did not know if the radio was on the same power supply as the vehicle. While I recognize that there is "no burden on the Commonwealth to negate what 'could have been' or what was a 'possibility[,]'" the Commonwealth must prove every element of the offense. <u>Nelson</u>, 281 Va. at 217-18, ____ S.E.2d at ___.

Absent some other evidence as to the type of radio, either factory-installed or after-market, or that the radio is not one that continues to play after the key has been turned to "off" until the key is removed, I cannot find that the Commonwealth has carried its burden beyond a reasonable doubt. Clearly, while the key being in the "on" or "accessory" position with the radio playing is sufficient for a conviction, I would find that the key being in an assumed "off" position with the radio playing is not, as there is insufficient evidence that appellant took an action beyond placing the key in the ignition that "in sequence" will activate the motive power of the vehicle, making him the operator of the vehicle within Code § 18.2-266.

Therefore, for the foregoing reasons, I disagree with the majority that <u>Stevenson</u> is distinguishable and that <u>Nelson</u> controls. I would hold that evidence that the car radio was playing without evidence of where the key was is insufficient to prove "operating," and I would reverse appellant's conviction.