**VIRGINIA:**

In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond, on Thursday, the 9th day of June, 2011.

Ellen Marie Rix,                                                    Appellant,

   against       Record No. 101737
                    Court of Appeals No. 1424-09-1

Commonwealth of Virginia,                                          Appellee.

Upon an appeal from a judgment rendered by the Court of Appeals of Virginia.

Upon consideration of the record, briefs, and argument of counsel, the Court is of opinion that there is no reversible error in the judgment of the Court of Appeals.

On June 21, 2008, Virginia Beach Police Officer B. K. Womble observed a vehicle "weaving" on Interstate 264 in the City of Virginia Beach. He stopped the vehicle and approached it. While doing so, he saw the driver exchange seats with the front-seat passenger. The driver, Veselina Stoilova, who had been behind the steering wheel while the car was in motion, was in the passenger seat when the officer reached the car. The former passenger was Ellen Marie Rix (the defendant) whom the officer found sitting in the driver's seat behind the steering wheel. The keys were in the ignition and the engine was running.

The officer had the defendant step out of the car. She had a strong odor of alcohol about her person, and exhibited slightly

slurred speech. Her eyes were bloodshot and glassy. She swayed when standing and walking. She refused to take a field sobriety test and told the officer that he could not arrest her because she had not been driving. The officer placed her under arrest and read her the implied consent law. She refused to take a breathalyzer test. Taken before a magistrate, the defendant was charged with operating a motor vehicle while under the influence of alcohol, second offense within five years, in violation of Code §§ 18.2-266 and 270 and with refusal to take a blood or breath test, second offense within ten years, in violation of Code § 18.2-268.3.

The defendant was convicted in general district court and appealed the convictions to the Circuit Court of the City of Virginia Beach. At a bench trial, Officer Womble admitted that he had not seen the defendant put the car in motion. Veselina Stoilova testified that she had driven the car but had asked the defendant to exchange seats with her because she was driving without a permit. The defendant testified that she exchanged seats with the driver because she thought that the driver would face deportation if arrested. The defendant was convicted of both offenses. She appealed to the Court of Appeals. A panel of that Court, by published opinion, Rix v. Commonwealth, 56 Va. App. 749, 756, 697 S.E.2d 33, 36 (2010), affirmed the convictions. We awarded her an appeal.

Because the facts are undisputed, this appeal presents only the

2

question of the legal conclusion to be drawn from those facts. The defendant does not question the sufficiency of the evidence of the degree of her intoxication, but contends that she was not the operator of a motor vehicle within the meaning of the relevant statutes.

Code § 18.2-266 makes it unlawful to "drive or operate" a motor vehicle while under the influence of alcohol to a degree that impairs one's ability to drive safely. Code § 46.2-100 includes within the definition of an "operator [of a motor vehicle]" any person who "is in actual physical control of a motor vehicle on a highway." Our inquiry is therefore whether the defendant was in actual physical control of the vehicle.

We recently reviewed our decisions considering variations on this theme in Nelson v. Commonwealth, 281 Va. 212, 707 S.E.2d 815 (2011). In that case, Nelson was found slumped over the steering wheel of a vehicle parked in a residential neighborhood, asleep or unconscious. The car's radio was playing but the engine was not running and the ignition key was turned to the position that allowed the radio to operate while the engine was not running. The gearshift was in the "park" position. Id. at 214, 707 S.E.2d at 816. We affirmed Nelson's conviction because, by turning the ignition key to the "on" or "accessory" position that would allow the radio to operate, he had manipulated the electrical equipment of the vehicle. Applying the test explained in Stevenson v. City of Falls Church, 243 Va. 434, 438,

3

416 S.E.2d 435, 438 (1992), we noted that "operating" a motor vehicle includes "manipulating the mechanical or electrical equipment of the vehicle without actually putting the car in motion.  It means engaging the machinery of the vehicle which alone, or in sequence, will activate the motive power of the vehicle."  Nelson, 281 Va. at 216, 707 S.E.2d at 817.[*]

Accordingly, we held that Nelson's action was a step which, taken in sequence, would have led to the activation of the motive power of the vehicle.  Id. at 219, 707 S.E.2d at 818.

In the present case, we do not reach the question whether the defendant took some action which, in sequence, would have activated the motive power of the vehicle.  Its motive power was already activated.  While the officer watched, she took actual physical control of a fully operational motor vehicle on a highway, with its ignition key in the "on" position and its engine running.  She thus met the statutory definition of an "operator" of a motor vehicle.  See Code § 46.2-100.  Accordingly, the Court affirms the judgment of the Court of Appeals.  The appellant shall pay to the Commonwealth of Virginia two hundred and fifty dollars damages.

This order shall be published in the Virginia Reports and shall

---

[*] We reversed Stevenson's conviction because the engine of his vehicle was not running and we assumed from the evidence that the ignition key was in the "off" position.  The Commonwealth's evidence in that case therefore failed to meet the test for "operating" a motor vehicle.  243 Va. at 438, 416 S.E.2d at 438.

be certified to the Court of Appeals of Virginia and to the Circuit Court of the City of Virginia Beach.

A Copy,

Teste:

Patricia L. Harrington, Clerk

5