PRESENT: Kinser, C.J., Lemons, Goodwyn, Millette, Mims, and
McClanahan, JJ., and Carrico, S.J.


JEAN PAUL ENRIQUEZ                          OPINION BY
                                   SENIOR JUSTICE HARRY L. CARRICO
v. Record No. 110818                        March 2, 2012

COMMONWEALTH OF VIRGINA

               FROM THE COURT OF APPEALS OF VIRGINIA

     This is the most recent example in a series of cases

involving convictions for the offense of driving or operating a

motor vehicle while under the influence of alcohol where the

accused is found in a drunken condition in a parked motor

vehicle with the keys in the ignition switch.  In all but two of

the cases, we sustained the convictions.  We will add this case

to the list of sustained convictions.

     In a bench trial, the defendant, Jean Paul Enriquez, was

convicted of driving or operating a motor vehicle while under

the influence of alcohol in violation of Code § 18.2-266.

Because this was a second offense for Enriquez within five

years, the circuit court sentenced him pursuant to the mandatory

provisions of Code § 18.2-270.  This resulted in a term of

confinement in the city jail for twelve months and a fine of

$500.00, with all but sixty days of the jail sentence suspended

on condition of good behavior for two years.  The court also

revoked Enriquez's operator's license for three years.

Enriquez appealed his conviction to the Court of Appeals of Virginia. In an unpublished opinion, the Court of Appeals affirmed the conviction. Enriquez v. Commonwealth, Record No. 0463-10-4 (April 5, 2011). We awarded Enriquez this appeal. His sole contention is that the evidence was insufficient to convict him as matter of law of operating a motor vehicle while under the influence of alcohol.

BACKGROUND

About 3:00 a.m. on September 18, 2009, Thomas Feeney, a parking enforcement officer in the City of Alexandria, observed a Toyota automobile illegally parked in a bus stop in the 6000 block of Lincolnia Road. While seated in his cruiser, Feeney wrote a ticket for the offense. When he approached the Toyota to place the ticket under the windshield wiper, he could hear the car's radio playing, and he saw a man in the driver's seat, apparently asleep. After repeated efforts, Feeney was unable to arouse the man, and he called for help from the Police Department.

Officer Aloysius Asonglefac and Sergeant May of the Alexandria Police Department were dispatched to the Lincolnia Road site for "trouble unknown." Officer Asonglefac testified that when he arrived he found Enriquez "sleeping behind the wheel" of the Toyota parked in the bus stop.

2

Officer Asonglefac, Sergeant May, and Parking Enforcement Officer Feeney "knocked on . . . the driver's side window" and "the sun roof and roof" of the car without arousing Enriquez. Officer Feeney shone a flashlight on Enriquez's face, with no effect. In two to three minutes, Enriquez awoke, and, after several requests, opened the side door window. Officer Asonglefac "could smell a strong odor of alcoholic beverage" and "a strong odor of marijuana" coming from the car. Enriquez appeared "confused," "didn't seem to [k]now where he was," thought "he was in Arlington," was "going to see his girlfriend" but was not sure "as to where his girlfriend was." Officer Asonglefac administered field sobriety tests to Enriquez, but before the tests began he was asked whether he had been drinking that evening. Initially, he said he had not been drinking but then stated that he had a "Long Island Iced Tea about an hour prior to [his] encounter" with the police. When he failed the field sobriety tests, Officer Asonglefac placed him under arrest for driving under the influence.

When he first approached the Toyota, Officer Asonglefac could hear the radio playing and "could see the light from the radio area." He observed that the keys were in the ignition, but he could not recall whether the keys were in the "on" or the "off" position. Neither could he remember who removed the keys

3

from the ignition, but he was certain that "[w]hen the keys were removed from the ignition, the radio went off."

STANDARD OF REVIEW

Whether Enriquez operated his vehicle within the meaning of Code § 18.2-266 is a mixed question of law and fact which is reviewed de novo on appeal.  Upon appellate review, the evidence and all reasonable inferences flowing therefrom must be viewed in the light most favorable to the prevailing party in the trial court, in this case, the Commonwealth.  The judgment of the trial court is presumed to be correct and will be reversed only upon a showing that it is plainly wrong or without evidence to support it.  Nelson v. Commonwealth, 281 Va. 212, 215, 707 S.E.2d 815, 816 (2011).

ANALYSIS

As noted earlier, we have previously considered the question whether an intoxicated accused has driven or operated a motor vehicle within the meaning of Code § 18.2-266.  We upheld convictions in the following cases:  Gallagher v. Commonwealth, 205 Va. 666, 667, 670, 139 S.E.2d 37, 38, 40 (1964) (drunk defendant found sitting at the steering wheel of a car, which was stuck in a ditch with the motor running, the car in gear, and a rear wheel spinning);  Nicolls v. Commonwealth, 212 Va. 257, 258, 259, 184 S.E.2d 9, 10, 11 (1971) (drunk defendant found slumped over steering wheel of car, which was parked on

4

hard surface of road with motor running, high beam lights on, and heater in operation); Williams v. City of Petersburg, 216 Va. 297, 298, 301, 217 S.E.2d 893, 894, 896 (1975) (drunk defendant found slumped over steering wheel of vehicle on a paved parking lot with motor running, headlights not on, car doors closed and locked); Lyons v. City of Petersburg, 221 Va. 10, 11-13, 266 S.E.2d 880, 880-82 (1980) (drunk defendant found seated behind steering wheel of car but made no statement about his striking of an unoccupied parked car in the rear and pushing it 25 to 30 feet); Nelson v. Commonwealth, 281 Va. 212, 214-15, 219, 707 S.E.2d 815, 815-16, 818 (2011) (drunk defendant found hunched over in the driver's seat of a vehicle parked on a cul-de-sac with the radio playing and the ignition key in an "on or accessory position"); Rix v. Commonwealth, 282 Va. 1, 1, 3, 714 S.E.2d 561, 561-62 (2011) (drunk defendant exchanged seats with driver and was found by police sitting behind the steering wheel with keys in the ignition and the engine running).

We reversed convictions in the following two cases: Overbee v. Commonwealth, 227 Va. 238, 240-41, 245, 315 S.E.2d 242, 243, 245 (1984) (drunk defendant found standing in front of a pickup truck with the hood up, engine not running, and key not in ignition); Stevenson v. City of Falls Church, 243 Va. 434, 435-36, 438, 416 S.E.2d 435, 436, 438 (1992) (in early morning hours, drunk defendant found asleep behind steering wheel of car

parked on convenience store parking lot, engine and all other mechanical and electrical parts turned off, and key in the ignition, but arresting officer could not recall whether key was in the "on" or the "off" position.  In reversing, this Court said it would assume the key was in the "off" position.)

Enriquez argues that his case is similar to Stevenson, but he complains that this Court has not "established a bright line rule to determine whether a person is operating a motor vehicle as a matter of law."  He is undoubtedly correct that we have not established a bright-line rule, so we will revisit the proper considerations in determining whether a person is operating a motor vehicle. In our consideration of the matter, we will turn for assistance to Code § 46.2-100 and to the dissenting opinion in Stevenson.  We will also refer to our decision in Williams.

Code § 46.2-100 provides that " '[o]perator' or 'driver' means every person who either (i) drives or is in actual physical control of a motor vehicle on a highway or (ii) is exercising control over or steering a vehicle being towed by a motor vehicle."  (Emphasis added.)

The dissenting opinion in Stevenson states in part as follows:

> Ordinary experience tells us that one in a drunken stupor in the driver's seat of a vehicle is likely to arouse abruptly, engage the motive power of the vehicle, and roar away imperiling the lives of innocent citizens. This sequence of events easily can occur where, as here, a

6

> drunk is sitting behind the steering wheel of a motor
> vehicle alone, with the key already in the ignition.  From
> a mechanical standpoint, the vehicle is capable of being
> immediately placed in motion to become a menace to the
> public, and to its drunken operator.

243 Va. at 439-40, 416 S.E.2d at 438-39.  (Compton, J.,

dissenting) (citations and internal quotation marks omitted)

(emphasis added).

We take this opportunity to state that the statutory

definition of "operator" is controlling and that any individual

who is in actual physical control of a vehicle is an "operator."

We hold, therefore, that the dissenting opinion in Stevenson was

correct, and in discerning whether an intoxicated person seated

behind the steering wheel of a motor vehicle on a public roadway

with the key inserted into the ignition switch of the vehicle is

in actual physical control of the vehicle, the position of the

key in the ignition switch is not determinative.

In Williams, we stated that operating a motor vehicle

included "manipulating the mechanical or electrical equipment of

the vehicle . . . which alone, or in sequence, will activate the

motive power of the vehicle."  216 at 300, 217 S.E.2d at 896.

Although operating a motor vehicle may be proven by evidence of

manipulation of the mechanical or electrical equipment, it need

not be proven in that manner.  All that is necessary is evidence

that the person is in actual physical control of the vehicle

within the meaning of Code § 46.2-100.

7

From the foregoing, we establish the rule that when an intoxicated person is seated behind the steering wheel of a motor vehicle on a public highway and the key is in the ignition switch, he is in actual physical control of the vehicle and, therefore, is guilty of operating the vehicle while under the influence of alcohol within the meaning of Code § 18.2-266.

The evidence in this case showed beyond a reasonable doubt that Enriquez was drunk, that he was seated behind the steering wheel of his vehicle on a public street, and that the key was in the ignition switch of the car. Accordingly, we hold that the evidence was sufficient to support a finding that Enriquez was in actual physical control of the vehicle, and to support his conviction for operating a motor vehicle while under the influence of alcohol in violation of Code § 18.2-266.

## CONCLUSION

For the reasons assigned, we will affirm the judgment of the Court of Appeals of Virginia.

<u>Affirmed</u>.