PUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Kelsey, Alston and Decker
Argued at Alexandria, Virginia

RAYMOND CHARLES CASE

                                             OPINION BY
v.      Record No. 2188-12-4          JUDGE ROSSIE D. ALSTON, JR.
                                         FEBRUARY 11, 2014

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Burke F. McCahill, Judge

Alex N. Levay for appellant.

Susan M. Harris, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.

Raymond Charles Case (appellant) appeals his conviction of driving while intoxicated in violation of Code § 18.2-266. On appeal, appellant alleges that the trial court (i) "erred in ruling that the Commonwealth proved each and every element of the offense charged beyond a reasonable doubt, and specifically that the trial court rejected any requirement on the part of the Commonwealth to prove that the appellant possessed the requisite *mens rea* to justify a conviction of the offense of Driving Under the Influence of Alcohol," (ii) "erred in ruling that the Commonwealth's evidence excluded each and every reasonable hypothesis consistent with the innocence of the appellant and was consistent only with his guilt," and (iii) "erred in ruling that the evidence supported the proposition that the appellant consciously moved from the passenger seat to the driver's seat and rested his foot on the brake after Ms. Wessels left and prior to Mr. Heaney's arrival thereby exposing appellant to a charge of DUI." Finding no error, we affirm.

I. Background

On November 5, 2011, appellant and his friend, Deborah Wessels, attended a meeting at the Brunswick Eagles in Maryland. At some point in the evening, Ms. Wessels went out into the parking lot and observed appellant asleep in his pickup truck. Ms. Wessels was "a little worried" about appellant and tried to wake him. When Ms. Wessels was unable to awaken appellant, she decided to drive him home herself with another friend following behind so as to drive her back to the meeting afterwards.

After crossing into Virginia, Ms. Wessels testified that appellant began "slumping" and "leaning over" on her from the passenger side. According to Ms. Wessels, it became "really difficult for [her] to drive" and she could not stop appellant from leaning over on to her through the console between the two. Ms. Wessels testified that eventually she became "upset" and "disgusted" with appellant's behavior and she "panicked." Ms. Wessels pulled over to the side of the road, got out of the truck, and returned with her friend to the meeting. Ms. Wessels testified that she left the motor of appellant's truck running.[1]

Sometime thereafter, around 9:30 p.m., Mark Edward Heaney looked out his window on Dutchman Creek Road in Loudoun County and observed appellant's pickup truck in front of a neighbor's house stopped on an incline, facing downhill, with its brake lights illuminated. Mr. Heaney drove his car up to appellant's truck and looked through the window of the passenger's side. Mr. Heaney observed appellant sitting in the driver's seat, slumped over the steering wheel, with his chin on his chest and his eyes closed. Noticing that the driver's side window was rolled down, Mr. Heaney walked around to the driver's side and observed the truck was in gear and appellant's foot was on the brake. Mr. Heaney could not see whether appellant

---

[1] No testimony was elicited regarding where Ms. Wessels left the truck or at what time, if the truck was on an incline, facing downhill at that time, or whether she left the truck in gear.

was breathing, and he called 911. He then reached into the vehicle, put the truck in park, and turned on the hazard lights.

Sergeant Williams was dispatched to the scene and upon arrival, observed appellant in the driver's seat of the pickup truck with the motor running. When Sergeant Williams asked appellant for his driver's license, he fumbled around looking for it. During the encounter Sergeant Williams smelled "a very strong odor of an alcoholic beverage about [appellant's] person." Additionally, appellant was "somewhat unsteady on his feet," his eyes were bloodshot, and his face was "very flushed." Appellant admitted to Sergeant Williams that he had been drinking and submitted to a preliminary breath test. After the preliminary breath test, Sergeant Williams arrested appellant for driving under the influence and transported appellant to the detention center where appellant submitted to a chemical test of his breath alcohol content. The results showed appellant's blood alcohol content was 0.14% grams per 210 liters of breath.

A bench trial commenced on November 1, 2012. At the conclusion of the trial, the trial court found appellant guilty of driving under the influence. That same day, the trial court sentenced appellant to twelve months in jail with twelve months suspended, a fine of $250, suspended appellant's driver's license for twelve months, and placed him on probation for twelve months. The trial court also required appellant to enroll in the Virginia Alcohol Safety Action Program. This appeal followed.

## II. Analysis

On appeal, appellant asserts three assignments of error. First, appellant argues that the trial court erred in determining that the Commonwealth's evidence excluded each reasonable hypothesis of appellant's innocence. Second, appellant contends that the trial court erred in rejecting appellant's argument that the Commonwealth was required to prove that appellant possessed the requisite *mens rea* to justify a conviction of the offense of driving under the

influence of alcohol pursuant to Code § 18.2-266. Finally, appellant asserts that the trial court erred in ruling that the evidence sufficiently showed that appellant consciously moved from the passenger seat of the pickup truck to the driver's seat and placed his foot on the brake between the time when Ms. Wessels left him and Mr. Heaney found him. Finding no error, we affirm.

A. Reasonable Hypothesis of Innocence

First, appellant argues that the trial court erred in ruling that the Commonwealth's evidence excluded each and every reasonable hypothesis of innocence and was consistent only with appellant's guilt. We disagree.

"When the sufficiency of the evidence to support a conviction is challenged, it is [the appellate court's] duty to view the evidence in the light most favorable to the Commonwealth and to uphold the conviction unless it is plainly wrong or without evidence to support it." Powers v. Commonwealth, 211 Va. 386, 388, 177 S.E.2d 628, 630 (1970) (citing Cameron v. Commonwealth, 211 Va. 108, 110, 175 S.E.2d 275, 276 (1970)).

"It is elementary that the burden is on the Commonwealth to prove every essential element of the offense beyond a reasonable doubt. The evidence must exclude every reasonable hypothesis of innocence and be consistent only with the guilt of an accused." Id. "The fact finder, however, is entitled to draw inferences from proved facts, so long as the inferences are reasonable and justified." Id. (citing Webb v. Commonwealth, 204 Va. 24, 34, 129 S.E.2d 22, 29 (1963); Bell v. Commonwealth, 11 Va. App. 530, 533, 399 S.E.2d 450, 452 (1991)). "When facts are equally susceptible to more than one interpretation, one of which is consistent with the innocence of the accused, the trier of fact cannot arbitrarily adopt an inculpatory interpretation." Moody v. Commonwealth, 28 Va. App. 702, 706, 508 S.E.2d 354, 356 (1998) (citing Corbett v. Commonwealth, 210 Va. 304, 307, 171 S.E.2d 251, 253 (1969)). "'However, the Commonwealth need only exclude reasonable hypotheses of innocence that flow from the

- 4 -

evidence, not those that spring from the imagination of the defendant.'" Emerson v.

Commonwealth, 43 Va. App. 263, 277, 597 S.E.2d 242, 249 (2004) (quoting Hamilton v.

Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993)). "'The statement that

circumstantial evidence must exclude every reasonable theory of innocence is simply another

way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt.'"

Taylor v. Commonwealth, 61 Va. App. 13, 30, 733 S.E.2d 129, 138 (2012) (quoting Kelly v.

Commonwealth, 41 Va. App. 250, 258, 584 S.E.2d 444, 447-48 (2003) (*en banc*)).

> In considering an appellant's alternate hypothesis of innocence in a circumstantial evidence case, we must determine "not whether there is some evidence to support" the appellant's hypothesis of innocence, but, rather, "whether any reasonable [fact finder], upon consideration of all the evidence, could have rejected [the appellant's] theories in his defense and found him guilty of [the charged crime] beyond a reasonable doubt."

Emerson, 43 Va. App. at 277, 597 S.E.2d at 249 (quoting Commonwealth v. Hudson, 265 Va.

505, 513, 578 S.E.2d 781, 785 (2003)).

Appellant argues that the evidence showed that he was unconscious the entire time he

was with Ms. Wessels and later when found by Mr. Heaney. With no evidence of what occurred

after Ms. Wessels left and when Mr. Heaney found him, appellant contends that the

Commonwealth's evidence failed to exclude reasonable hypotheses of innocence such as

someone moving appellant from the passenger seat to the driver's seat while he was

unconscious, or simply that appellant was unconscious the entire time, supporting appellant's

defense of unconsciousness.[2]

---

[2] Appellant concedes that he was voluntarily intoxicated on the night in question. Therefore, the defense of unconsciousness is not available to him. His admitted voluntary intoxication precludes an unconsciousness defense and itself serves as no defense to his operation of his truck while intoxicated. "Voluntary intoxication . . . is generally not an excuse for any crime." Riley v. Commonwealth, 277 Va. 467, 479, 675 S.E.2d 168, 175 (2009) (citing Swisher v. Commonwealth, 256 Va. 471, 488, 506 S.E.2d 763, 772 (1998)). "The only exception to this general rule is in cases involving deliberate and premeditated murder." Id. A

From the evidence presented, the trial court found that

> something happened to put him behind the wheel. You know, we can search for a hypothesis, but you know, common sense doesn't leave the court room in terms of reasonable inferences, and that is - it is not - I do not think it is a reasonable inference that someone came upon him and dragged him over and put him behind the wheel. We know he was on the passenger side. We know he was found on the driver's side, and he was operating the vehicle, his foot was on the brake according to the evidence, he was credible, and that the - saw brake lights, and that the car was in drive, and the motor was running. And, I just decline to speculate . . . I think the reasonable inferences are in this particular case that - that he was left and that he changed positions, and then became the operator of the vehicle, and once he did that, I think that he is by Virginia law, guilty of driving under the influence.

We do not find the trial court's factual findings to be plainly wrong or without evidence to support them. The Commonwealth was not required to prove and the trial court was not required to speculate as to any possible hypothesis of innocence that may have flowed not from the evidence but from appellant's imagination. It was entirely reasonable that "'[the trial court], upon consideration of all the evidence, could have rejected [the appellant's] theories in his defense and found him guilty of [the charged crime] beyond a reasonable doubt.'" See Emerson, 43 Va. App. at 277, 597 S.E.2d at 249 (quoting Hudson, 265 Va. at 513, 578 S.E.2d at 785). For these reasons, we hold the trial court did not err in ruling that the Commonwealth's evidence excluded every reasonable hypothesis of appellant's innocence and was consistent only with his guilt.

### B. Operation of a Motor Vehicle under Code § 18.2-266

Second, appellant argues that Code § 18.2-266 requires that an individual charged under this code section must intend to operate his vehicle and that such a requirement is an element of

---

"[v]oluntarily intoxicated individual may not be aware of what is happening but would nevertheless be responsible for his conduct while in such a state." Id. at 481, 675 S.E.2d at 176 (citing Chittum v. Commonwealth, 211 Va. 12, 17, 174 S.E.2d 779, 782 (1970)). For these reasons, the defense of unconsciousness is not available to appellant.

the offense of driving under the influence. There is no question that Code § 18.2-266 does not possess a *mens rea* requirement on its face. The question as raised by appellant is whether this section should be construed so as to require some level of criminal intent to operate a vehicle while intoxicated in order to comply with constitutional due process requirements. Appellant argues that such a *mens rea* requirement does exist and that the Commonwealth failed to prove appellant's intent to operate the vehicle due to the evidence of his unconsciousness during the night in question. We disagree with appellant.

### i. Intent as a Requirement under Code § 18.2-266

As Code § 18.2-266 does not expressly require a *mens rea* proof requirement on its face, we must determine whether to construe it as implicitly having such a requirement. Questions of law and statutory construction are reviewed by appellate courts *de novo* upon appeal. Jackson v. Commonwealth, 274 Va. 630, 652 S.E.2d 111 (2007); Young v. Commonwealth, 273 Va. 528, 533, 643 S.E.2d 491, 493 (2007) (citing Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007)).

Mere omission from a statute of any mention of intent should not be construed as elimination of that element from the crime. Morissette v. United States, 342 U.S. 246, 273 (1952). A statute's silence on a *mens rea* requirement means the court must construe the statute in light of the background rules of the common law. Staples v. United States, 511 U.S. 600, 605 (1994) (citing United States v. United States Gypsum Co., 438 U.S. 422, 436-37 (1978)). "The existence of a *mens rea* [requirement] is the rule of, rather than the exception to, the principles of Anglo-American criminal jurisprudence." Id. (quoting Gypsum, 438 U.S. at 436). "Offenses that require no *mens rea* are disfavored and some indication of congressional intent, express or implied, is necessary to dispense with *mens rea* as an element of a crime." Id. at 606 (citing

Liparota v. United States, 471 U.S. 419 (1985); cf. Gypsum, 438 U.S. at 438 Morissette, 342 U.S. at 250).

In light of the legislature's omission of a *mens rea* requirement in Code § 18.2-266 and the public safety concern underlying the statute, both the Supreme Court of Virginia and this Court have treated a defendant's intent to operate a vehicle as unnecessary to a determination of guilt for driving while under the influence pursuant to Code § 18.2-266. See Enriquez v. Commonwealth, 283 Va. 511, 517, 722 S.E.2d 252, 255 (2012); Stevenson v. City of Falls Church, 243 Va. 434, 438, 416 S.E.2d 435, 438 (1992); Williams v. Petersburg, 216 Va. 297, 301, 217 S.E.2d 893, 896 (1975); Nicolls v. Commonwealth, 212 Va. 257, 259, 184 S.E.2d 9, 11 (1971); Gallagher v. Commonwealth, 205 Va. 666, 139 S.E.2d 37 (1964). In keeping with this interpretation, this Court has held that it is not necessary to prove a defendant's purpose in order to find that he did in fact "operate" the vehicle pursuant to Code § 18.2-266. Ngomondjami v. Commonwealth, 54 Va. App. 310, 317-18, 678 S.E.2d 281, 285 (2009) (holding that "[c]onsistent with prior decisions of this Court and the Supreme Court [of Virginia], it was not necessary that the jury find appellant 'acted with the purpose of putting [a car] in motion' to find he 'operated' a car within the meaning of Code § 18.2-266").

The rationale provided in these and many other Virginia cases reflects the public safety concern underlying the purpose of Virginia's DUI statute: to punish an individual's drunken actions, not his intent. This concern is articulated in Stevenson, 243 Va. at 439-40, 416 S.E.2d at 439 (J. Compton, dissenting), cited with approval in Enriquez:

> The reason for th[e] liberal interpretation of the words "operate," "operator," and "operating" is obvious. A motor vehicle is recognized in the law as a dangerous instrumentality when in the control of a sober person; in the control of a drunk, the dangerous instrumentality becomes lethal. Therefore, until now, the Court has interpreted the drunk-driving statute in a way that kept drunks from behind the steering wheels of motor vehicles, even when the drunk needed to "sleep it off." Ordinary experience tells us that

> one in a drunken stupor in the driver's seat of a vehicle is likely to arouse abruptly, engage the motive power of the vehicle, and roar away imperiling the lives of innocent citizens.

283 Va. at 516, 722 S.E.2d at 255. Thus the concern is what *could* happen with an intoxicated individual behind the wheel, regardless of whether he intended to be there, turn on the car, or move the vehicle. Bearing these concerns and the case law of this Commonwealth in mind, we conclude that there is no *mens rea* requirement in Code § 18.2-266. As long as the Commonwealth proves beyond a reasonable doubt that an intoxicated individual "operated" his vehicle, regardless of intent, he is guilty of driving while under the influence.[3]

For these reasons, we hold that the trial court did not err in rejecting any need for the Commonwealth to prove that appellant possessed the requisite *mens rea* to justify a conviction for the offense of driving under the influence of alcohol.

### ii. Operation of a Motor Vehicle under Code § 18.2-266

Further, we affirm the trial court's conclusion that appellant did "operate" the vehicle as required by Code § 18.2-266. Whether appellant operated his vehicle within the meaning of Code § 18.2-266 is a mixed question of law and fact which is reviewed *de novo* on appeal. Enriquez, 283 Va. at 514, 722 S.E.2d at 254. Upon appellate review, the evidence and all reasonable inferences flowing therefrom must be viewed in the light most favorable to the prevailing party in the trial court, in this case, the Commonwealth. Id. The judgment of the trial court is presumed to be correct and will be reversed only upon a showing that it is plainly wrong or without evidence to support it. Id. (citing Nelson v. Commonwealth, 281 Va. 212, 215, 707 S.E.2d 815, 816 (2011)).

---

[3] Though we find that there is no *mens rea* requirement that an individual intend to operate a vehicle while intoxicated, our holding does not convert a violation of Code § 18.2-266 into a strict liability offense. Where applicable, the affirmative defense of unconsciousness due to involuntary intoxication, for example, would be available to a defendant. See Riley, 277 Va. at 479, 675 S.E.2d at 175.

Code § 18.2-266 provides in part:

> It shall be unlawful for any person to drive or operate any motor vehicle, engine or train (i) while such person has a blood alcohol concentration of 0.08 percent or more by weight by volume or 0.08 grams or more per 210 liters of breath as indicated by a chemical test administered as provided in this article, (ii) while such person is under the influence of alcohol . . . .

Code § 46.2-100 defines "operator" or "driver" as "every person who either (i) drives or is in actual physical control of a motor vehicle on a highway or (ii) is exercising control over or steering a vehicle being towed by a motor vehicle." The Supreme Court of Virginia has approved this definition for the purpose of determining whether a person "operates" a motor vehicle within the meaning of Code § 18.2-266. Nicolls, 212 Va. at 259, 184 S.E.2d at 11 (referring to Code § 18.1-54, predecessor to Code § 18.2-266 (citing Gallagher, 205 Va. at 666, 139 S.E.2d at 37)). "[W]hen an intoxicated person is seated behind the steering wheel of a motor vehicle on a public highway and the key is in the ignition switch, he is in actual physical control of the vehicle and, therefore, is guilty of operating the vehicle while under the influence of alcohol within the meaning of Code § 18.2-266." Enriquez, 283 Va. at 517, 722 S.E.2d at 255. The position of the key in the ignition is not determinative. Id. at 516, 722 S.E.2d at 255 (stating that "[f]rom a mechanical standpoint, the vehicle [was] capable of being immediately placed in motion to become a menace to the public, and to its drunken operator").

Appellant was clearly in "actual physical control" of his truck. The truck's motor was running and in gear, appellant's foot was on the brake, and the truck was "capable of being immediately placed in motion to become a menace to the public, and to its drunken operator." For these reasons, we hold that appellant did "operate" his truck under Code § 18.2-266.

C. Sufficiency of the Evidence that Appellant Consciously Moved to the Driver's Seat

Last, appellant argues that the trial court erred in ruling that the evidence supported the proposition that appellant consciously moved from the passenger seat to the driver's seat and

rested his foot on the brake after Ms. Wessels left and prior to Mr. Heaney's arrival, thereby exposing appellant to a charge of driving under the influence.

Under settled principles, the evidence in the present case is reviewed in the light most favorable to the Commonwealth. Hudson, 265 Va. at 514, 578 S.E.2d at 786. That principle requires the reviewing courts to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth, and all fair inferences to be drawn therefrom." Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (citation omitted). Findings of fact made by the trial judge are presumed to be correct and given deference unless plainly wrong or without evidence to support them. Carter v. Commonwealth, 42 Va. App. 681, 594 S.E.2d 284 (2004); Timbers v. Commonwealth 28 Va. App. 187, 503 S.E.2d 233 (1998).

The evidence showed that when Ms. Wessels left appellant in his vehicle on the side of the road, he was in the passenger seat leaning over the middle console, asleep. Ms. Wessels further testified that appellant was a "big man" and that she could not stop him from leaning over the middle console. The next person to observe appellant was Mr. Heaney at approximately 9:30 p.m. Appellant was in the driver's seat, slumped over the steering wheel, truck in gear, and engine running.

The trial court evaluated the credibility of Ms. Wessels and Mr. Heaney and inferred from their testimony "that [appellant] was left and that he changed positions, and then became the operator of the vehicle . . . ." We do not find the trial court's factual findings to be plainly wrong or without evidence to support them. Therefore, we hold the trial court did not err.

Affirmed.