## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Hanssell Lopez

July 22, 2015

Case No. MI-2014-1256

BY JUDGE ROBERT J. SMITH

This matter came before the Court on November 14, 2014, on the Defendant's "Motion for Acquittal." For the reasons set forth below, the Court denies the motion.

### I. *Factual Background*

Officer C. A. Wright of the Fairfax County Police Department arrested the defendant on March 23, 2014, in Fairfax County, Virginia, for a violation of Va. Code § 18.2-266, driving while intoxicated, second offense within five years, with a blood alcohol content greater than .20. On March 23, 2014, Officer Wright encountered Hanssell Lopez sitting in the driver's seat of a Nissan Murano. The engine of the vehicle was shut off. Some internal lights were on, and the vehicle was backed into a handicapped parking spot in the parking lot of a restaurant.

The defendant appeared to be sleeping and had a set of keys in his right hand, including an electric vehicle key fob. The defendant stated to the officer that he was waiting for a friend and that he had been at Coastal Flats restaurant, where he had drunk three to four beers. A later analysis showed that the defendant's BAC was .18 grams per 210 liters of breath, according to the defendant, or .24 grams per 210 liters of breath, according to the Commonwealth.

The Murano has a push-button ignition that utilizes a key fob, which requires the fob to be present in order for the ignition button to work. The evidence does not establish what exactly is meant by present. Certainly,

though, the fob must be at least in the immediate vicinity of the car. The vehicle can be set in the ACC position by pressing the center of the button on the fob, which activates electrical accessories within the car when the engine is not running. The vehicle can also be set in the "on" position by pushing the center button on the fob twice, thereby turning on the ignition system. The driver can then start the vehicle's engine by pushing the brake pedal and pushing the ignition switch.

In the General District Court, the defendant pleaded not guilty and was convicted of DWI 1st Offense, BAC over .20%, in violation of Virginia Code § 18.2-266. The Court sentenced the defendant to pay a fine of $600, $300 of which was suspended, to serve ninety days in jail with eighty days suspended, to serve twelve months' probation, referral to ASAP, and to lose the privilege to drive for twelve months.

The defendant appealed his conviction to the Circuit Court on July 9, 2014. On September 4, 2014, the defendant was arraigned by this Court and entered a plea of not guilty. The Court heard the case on September 4, 2014, without a jury. The court took the case under advisement.

## II. *Issues Presented*

(1) Whether the defendant was "operating" the vehicle;

(2) Whether the defendant's vehicle was on a "highway" sufficient for conviction under Virginia Code § 18.2-266; and,

(3) Whether the reference to ".20" in Virginia Code § 18.2-270 is sufficiently clear to give the defendant notice of the proscribed conduct.

Having reviewed the parties' arguments regarding issues (2) and (3), I find that the defendant's position on these issues has no merit. I therefore focus my analysis on the first issue.

## III. *"Operation" of a Vehicle Pursuant to Va. Code § 18.2-266*

Virginia Code § 18.2-266 provides, in part, "It shall be unlawful for any person to drive or operate any motor vehicle, engine, or train (i) while such person has a blood alcohol concentration of 0.08 percent or more by weight by volume or 0.08 grams or more per 210 liters of breath." Virginia Code § 46.2-100 defines "operator" or "driver" as "every person who either (i) drives or is in actual physical control of a motor vehicle on a highway or (ii) is exercising control over or steering a vehicle being towed by a motor vehicle." Va. Code § 46.2-100. The Supreme Court of Virginia has upheld the use of Virginia Code § 46.2-100 definition of "operate" for the purpose of determining whether a person operates a motor vehicle under Va. Code § 18.2-266. *Enriquez v. Commonwealth*, 283 Va. 511, 516-17, 722 S.E.2d 252 (2012).

Several cases in Virginia have affirmed convictions for driving while intoxicated where a defendant was found intoxicated in a parked vehicle

with the keys in the ignition. The outcomes of these cases often turn on whether the vehicle is capable of being operated at the time that the driver is found. See *Case v. Commonwealth*, 63 Va. App. 14, 753 S.E.2d 860 (2014); *Enriquez*, 283 Va. at 514; and *Nelson v. Commonwealth*, 281 Va. 212, 215, 707 S.E.2d 815 (2011).

Last fall, the Supreme Court of Virginia decided *Sarafin v. Commonwealth*, 288 Va. 320, 764 S.E. 2d 71 (2014). In *Sarafin*, the Supreme Court analyzed the case of a defendant found passed out in his car, which was parked in his private driveway, with the key inserted in the ignition and turned backward to activate the car's auxiliary power. *Id.*

The Court held that, because the defendant was seated behind the steering wheel and the key was in the ignition switch, he was in actual physical control and, therefore, "operated" the vehicle sufficient for conviction under Virginia Code § 18.2-266. *Id.* at 75. The Court noted that it had earlier adopted the dissenting opinion of Justice Compton in *Stevenson v. City of Falls Church*, 243 Va. 434, 416 S.E.2d 435 (1992), which stated: "Ordinary experience tells us that one in a drunken stupor in the driver's seat of a vehicle is likely to arouse abruptly, engage the motive power of the vehicle, and roar away imperiling the lives of innocent citizens.... . From a mechanical standpoint, the vehicle is capable of being immediately placed in motion to become a menace to the public, and to its drunken operator." *Sarafin*, 764 S.E.2d at 75, citing *Stevenson*, 243 Va. at 439-40.

Another Supreme Court case involved a defendant who was found in his car, with the radio playing, apparently asleep. *Enriquez*, 283 Va. at 513. The arresting officer could hear the radio playing when he approached the car and could see that the keys were in the ignition, though he did not recall at trial whether the keys were in the "off" or "on" position. *Id.* at 514. The Supreme Court followed several other Virginia cases with similar facts and held that the defendant sufficiently "operated" the vehicle to uphold a conviction under Virginia Code § 18.2-266. *Id.* at 515-16. "Any individual who is in actual physical control of a vehicle is an `operator' " under Virginia Code § 46.2-100. *Id.* at 516. Additionally, the Supreme Court held that the position of the key in the ignition switch is not determinative in deciding whether a driver in this situation is "in actual physical control of the vehicle." *Id.* Evidence of manipulation of mechanical or electrical equipment may be sufficient to show operation of a motor vehicle, but it is not the only way to prove operation. "All that is necessary is evidence that the person is in actual physical control of the vehicle within the meaning of Code § 46.2-100." *Id.*

The Supreme Court has also held that, where a key was in the ignition and in the "on or accessory position," the defendant-driver had sufficiently "manipulat[ed] the ... electrical equipment of the vehicle" to uphold a conviction under Virginia Code § 18.2-266. *Nelson*, 281 Va. at 219. The defendant had turned the key to the "on or accessory" position, which,

although not sufficient by itself to activate the engine, was "an action taken in sequence up to the point of activation, making him the operator of the vehicle within the meaning of Va. Code § 18.2-266." *Id.* In this case, the Supreme Court also declined to place any burden on the prosecution to negate "what could have been or what was a possibility" as to the functionality of the key in the car at issue. *Id.* at 217-18.

Another recent case dealing with these issues comes from the Court of Appeals. *Case v. Commonwealth*, 63 Va. App. at 14. The Court of Appeals found that the defendant did "operate" a vehicle as required by Virginia Code § 18.2-266 when he had his foot on the brake, the truck's motor was running and in gear, and the vehicle was capable of being immediately placed into motion. *Id.* at 28-29.

However, the Commonwealth's assertion that *Enriquez* requires nothing more than the defendant's physical presence in the driver's seat for a conviction under Virginia Code § 18.2-266 is incorrect. The *Enriquez* Court clearly required that the driver be in "actual physical control" of the vehicle to operate the car. *Id.* at 5. However, the showing of actual physical control can be evidenced by the use of auxiliary power, like the radio or internal electrical capability. See *Sarafin*, 764 S.E.2d at 75; *Nelson*, 281 Va. at 219.

The defendant's apparent use of the key fob activated some lights on the radio panel. The Nissan Murano can be set in the "ACC" position by pressing the center of the button on the fob, which activates electrical accessories within the car when the engine is not running. The vehicle can also be set in the "on" position by pushing the center of the button on the fob twice, which turns on the ignition system and electrical accessories. To analogize this key fob system to a traditional key-ignition system, the "ACC" position (clicking the fob button once) is apparently most akin to having the key in the ignition and having turned it backwards, and the "on" position (clicking the fob button twice) is most akin to having the key in the ignition and turning it forward. The defendant was found in the car with some lights emanating from the radio panel, suggesting that the fob was turned to the "ACC" position, such as having the key in a traditional ignition turned backward.

Virginia courts have held that having the key in this position in a car is "actual physical control" sufficient to constitute "operation" of a vehicle. As the Court stated in *Sarafin*, the defendant's ability to "awaken abruptly," push the button of the key fob twice, or perhaps even once in this case, and "roar away," endangering other drivers, indicates that he had sufficient "physical control' of the vehicle to be convicted under the applicable Code statute. *Sarafin*, 764 S.E.2d at 76. Therefore, the defendant was in "actual physical control" of the vehicle when he had the fob in his hand.

The defendant makes a secondary argument that the Commonwealth failed to prove beyond a reasonable doubt that the key fob found in the defendant's hand actually belongs to the Nissan Murano in which he was

found. The Supreme Court has expressly declined to impose any burden on the prosecution to negate "what could have been or what was a possibility" as to the functionality of the key in the car at issue. *Nelson*, 281 Va. at 217-18. To analogize the traditional key ignition to the fob ignition in this case, there is no express requirement that the Commonwealth eliminate any possibility of the functionality of the system or key that apparently causes the car to function. Therefore, there is no evidentiary requirement that the prosecution prove that the key fob found in the defendant's hand actually belonged to the Nissan Murano.

### IV. *Conclusion*

For the foregoing reasons, the Motion for Acquittal is denied. Therefore, this case will be put on the Court's docket for Friday, July 24, 2015, for entry of the Court's finding and for sentencing.