COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Judges Humphreys, Chaney and Lorish
Argued at Virginia Beach, Virginia


SACARIO ARQUEZ FRINK

                                      MEMORANDUM OPINION[*] BY
v.        Record No. 0735-21-1           JUDGE ROBERT J. HUMPHREYS
                                        MAY 17, 2022

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Michael A. Gaten, Judge

Stephen K. Smith for appellant.

Leah A. Darron, Assistant Attorney General (Jason S. Miyares,
Attorney General; Liam A. Curry, Assistant Attorney General, on
brief), for appellee.


Following a bench trial, the Circuit Court for the City of Hampton convicted Sacario Arquez

Frink of wearing a mask in public, in violation of Code § 18.2-422; use of a firearm in a threating

manner while committing a felony, in violation of Code § 18.2-53.1; abduction, in violation of Code

§ 18.2-48; robbery, in violation of Code § 18.2-58; possession of a firearm by a convicted felon, in

violation of Code § 18.2-308.2; and underage possession of firearm, in violation of Code

§ 18.2-308.7.  The circuit court sentenced Frink to a total of thirty-six years' imprisonment, with

twenty-six years suspended.  On appeal, Frink argues the circuit court erred in denying his motion

to strike because "the victims could not identify [him] as one of the persons that committed these

crimes."

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018) (quoting *Scott v. Commonwealth*, 292 Va. 380, 381 (2016)).  In doing so, we discard any of the appellant's conflicting evidence, and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence.  *Id.* at 473.

On April 19, 2019, Maria Rew, an employee of a Family Dollar in Hampton, Virginia, was stocking shelves when two individuals entered the store wearing hoodies and bandanas covering their faces.  One individual wore a blue hoodie, and the other individual wore a black hoodie and olive green pants.  One of the individuals "motioned [her] to get back behind the counter and get cash out of [the] register."  Rew felt "threatened" because she saw one of the individuals was carrying a "purple gun."  Rew yelled for her boss, Bennie Furman, who came to the front of the store.  Furman also saw the purple firearm and raised his arms in the air.  Furman stated that one of the individuals yelled, "[g]ive me the money from out of the register."  Furman went to the registers and emptied the money.  Furman struggled to open the registers because he was nervous, prompting one of the individuals to warn, "I'll give you a count to ten or else," and "[d]on't mess with me."  Rew also opened her register and gave the individuals the money.  The entire exchange lasted "a couple of minutes."  Furman called 911 and informed the police that he saw the individuals run down Chesterfield Road and lost sight of them when they reached Bay Avenue.  The CCTV system in the Family Dollar captured the encounter on video.

Officer Evan Dickson and Sergeant Jacob Marmet of the Hampton Police Department received a description of the suspects and set up a perimeter in the area of Bay Avenue and Pocahontas Place.  Officer Dickson observed two individuals matching the description of the

robbery suspects exiting a residence on Bay Avenue. Officer Dickson and Sergeant Marmet approached the individuals, and Sergeant Marmet "immediately recognized" one of the individuals as Frink. Sergeant Marmet observed that Frink "was wearing a blue hooded sweatshirt and some green-colored pants, but he had his hands inside of the sweatshirt." Sergeant Marmet asked Frink to remove his hands from his sweatshirt, at which point Frink turned and began running.

Another police officer, Officer Shawn Soder, was also present and observed the encounter between Frink and the two other officers. Officer Soder joined Sergeant Marmet in chasing Frink and saw Frink run into the backyard of a residence. Officer Soder then saw Frink emerge from a bush in the corner lot next to the residence. Frink fled again but was apprehended soon after. Frink was wearing the same dark blue hoodie and green pants. During the chase, Officer Soder was able to "maintain somewhat of a visual of the area in which [he] saw [Frink] leave the bush" and did not see any other person "going in and out of that area," other than police officers. Following Frink's arrest, Officer Soder returned to the bush where Frink was hiding and found a purple handgun.

A forensic specialist collected the handgun from the bush and also collected $143 in cash which she found lying in the backyard where Frink was hiding. Officers also found a red bandana and other clothing items that matched those worn by the individuals involved in the robbery from the residence Frink had exited.

Dr. Susan Ann Greenspoon, a forensic molecular biologist with the Division of Department of Forensic Science, conducted an analysis of the DNA found on the purple handgun and found that there was a 1 in 1.2 septillion chance that the DNA did not belong to Mr. Frink. Dr. Greenspoon testified that these results were a "very strong support for [appellant] being a contributor to this DNA mixture."

At the close of the Commonwealth's evidence, Frink moved to strike the evidence, which the circuit court denied. Frink declined to present evidence and renewed his motion to strike. The

- 3 -

circuit court granted Frink's motion to strike the abduction and related firearm charges pertaining to Furman. The circuit court denied Frink's motion to strike as to the remaining charges. The circuit court subsequently dismissed the reckless handling of a firearm misdemeanor but convicted Frink of the remaining charges. Frink timely noted his appeal.

ANALYSIS

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Yoder v. Commonwealth*, 298 Va. 180, 181-82 (2019) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Secret v. Commonwealth*, 296 Va. 204, 228 (2018) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). "Rather, the relevant question is, upon review of the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Pijor*, 294 Va. at 512). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

Frink was convicted of seven offenses: wearing a mask in public, two counts of use of a firearm in a threating manner while committing a felony, abduction, robbery, possession of a firearm by a convicted felon, and underage possession of firearm. On appeal, Frink does not allege that the Commonwealth failed to prove any of the elements of the charged offenses; instead, Frink challenges the sufficiency of the evidence to prove that he was the individual who committed the crimes.

- 4 -

In proving the identity of a criminal actor, the Commonwealth may rely on circumstantial evidence. *Crawley v. Commonwealth*, 29 Va. App. 372, 375 (1999). "Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing." *Pijor*, 294 Va. at 512 (quoting *Dowden v. Commonwealth*, 260 Va. 459, 468 (2000)). "[C]ircumstantial evidence [must be] sufficiently convincing to exclude every reasonable hypothesis except that of guilt." *Kelley v. Commonwealth*, 69 Va. App. 617, 629 (2019) (quoting *Pijor*, 294 Va. at 512). This principle, however, "does not add to the burden of proof placed upon the Commonwealth in a criminal case." *Commonwealth v. Hudson*, 265 Va. 505, 513 (2003). "[T]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." *Ragland v. Commonwealth*, 67 Va. App. 519, 531 (2017) (quoting *Case v. Commonwealth*, 63 Va. App. 14, 23 (2014)).

The evidence presented contained several concurrent circumstances supporting the circuit court's conclusion that Frink was one of the individuals seen in the CCTV footage of the robbery and described by the witnesses. Officers saw Frink near the scene of the robbery. Although the witnesses did not see Frink's full face during the commission of the robbery, Frink's attire, specifically the dark hoodie and green pants, matched the witnesses' description and the CCTV footage. Officers also located a bandana, that appeared similar to that worn by the robbers, in the residence Frink had exited following the robbery.

Further, upon police request, Frink refused to remove his hands from his pockets and fled from investigating officers, providing further evidence supporting his convictions. "Flight following the commission of a crime is evidence of guilt." *Speller v. Commonwealth*, 69 Va. App. 378, 388 (2018) (quoting *Clagett v. Commonwealth*, 252 Va. 79, 93 (1996)).

In addition, the firearm used in the robbery and $143 in small bills were found in the area where officers had seen Frink. Witnesses testified that the perpetrators used a purple firearm in the

robbery, matching the purple firearm that officers found within the bush that Frink exited. As the circuit court stated, "a purple handgun is not impossible to get, but it is somewhat unique and meets the description."

Furthermore, the DNA evidence supports Frink's convictions. Forensic scientists analyzed the swab from the trigger, grip, and the rear of the firearm's slide and determined that Frink was 1.2 septillion times more probable than a coincidental match to an unrelated African American person, 130 septillion times more probable than a coincidental match to an unrelated Caucasian person, and 220 septillion times more probable than a coincidental match to an unrelated Hispanic person. Expert testimony established that these results were "very strong support for [Frink] being a contributor to this DNA mixture."

Taken in its totality, the evidence was more than sufficient for the circuit court to conclude that Frink was one of the individuals who robbed the Family Dollar. The circuit court's judgment was not plainly wrong or without evidence to support it. "By finding [a] defendant guilty, therefore, the factfinder 'has found by a process of elimination that the evidence does not contain a reasonable theory of innocence.'" *Ray v. Commonwealth*, 74 Va. App. 291, 308 (2022) (quoting *Edwards v. Commonwealth*, 68 Va. App. 284, 301 (2017)). "The rejection of a hypothesis of innocence 'is binding on appeal unless plainly wrong . . . .'" *Ervin v. Commonwealth*, 57 Va. App. 495, 519 (2011) (*en banc*) (quoting *Archer v. Commonwealth*, 26 Va. App. 1, 12-13 (1997)). The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that Frink was guilty of wearing a mask in public, use of a firearm in a threating manner while committing a felony, abduction, robbery, possession of a firearm by a convicted felon, and underage possession of firearm.

CONCLUSION

The evidence was sufficient to support Frink's convictions; however, the sentencing order contains a clerical error. The sentencing order mistakenly lists "reckless handle firearm" as one of the offenses for which Frink was found guilty, instead of underage possession of a firearm.[1] Therefore, we affirm Frink's convictions and remand solely for the limited purpose of correcting the clerical error. Code § 8.01-428(B); *see, e.g.*, *Howell v. Commonwealth*, 274 Va. 737, 739 n.*, 742 (2007).

*Affirmed and remanded.*

---

[1] The circuit court dismissed the charge of "reckless handle firearm."