COURT OF APPEALS OF VIRGINIA

Present: Judges AtLee, Friedman and Raphael
Argued at Lexington, Virginia

MELISSA DAWN CAMPBELL

MEMORANDUM OPINION* BY
v.      Record No. 1255-21-3          JUDGE STUART A. RAPHAEL
                                      AUGUST 30, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF AMHERST COUNTY
Michael T. Garrett, Judge

(Craig P. Tiller, on briefs), for appellant. Appellant submitting on
briefs.

Lucille M. Wall, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.

Melissa Dawn Campbell was convicted in a bench trial of distributing a Schedule II

controlled substance, methamphetamine, in violation of Code § 18.2-248. She challenges the

sufficiency of the evidence, arguing that the confidential informant who testified for the

prosecution was unreliable. Because the evidence sufficed for a reasonable trier of fact to find

Campbell guilty beyond a reasonable doubt, we affirm her conviction.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial." *Poole v.*

*Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469,

472 (2018)). In doing so, we discard any conflicting evidence and regard as true all credible

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

A Virginia State Police task force focused on drug gangs in central Virginia recruited Margo Slusher, a confidential informant, to participate in a controlled buy of methamphetamine in Amherst County. Slusher got involved with the task force with the hope of leniency on pending drug charges.

On the day of her controlled buy, Slusher and the task-force officers met at a staging area at one end of Route 210. Several task-force officers were involved, including Officers K.J. Wilson, Ted Woody, Billy Crowe, and Austin Tosh.

The officers began by checking that Slusher did not already possess any contraband. Officer Wilson searched Slusher and her purse; Officer Woody searched her vehicle, a truck belonging to Slusher's father. They found no contraband. Officer Crowe then gave Slusher $200 in cash to buy an "eight ball" of methamphetamine. They also equipped her with audio and video surveillance equipment.[1]

The target of the drug buy was Brandi Kerr. Using a phone number associated with Kerr, Slusher communicated with Kerr and Campbell to arrange a meeting place for the transaction. (Slusher could not recall if they communicated by text messages, phone calls, or both.) They agreed to meet at a McDonald's parking lot.

To monitor Slusher's communications, Officers Crowe and Wilson drove to an auto-parts store a tenth of a mile from the McDonald's. Officer Woody patrolled the vicinity in his cruiser, stopping at various parking lots of nearby businesses. Officer Tosh parked at the McDonald's.

Slusher left the staging area and drove to the McDonald's parking lot, arriving six minutes later. Although the officers lost sight of her during that drive, Slusher testified that she

---

[1] No audio or video recordings were introduced at trial.

drove "straight" there, without stopping. After Campbell and Kerr took longer to arrive than usual, Slusher contacted them. About twenty-five minutes later, a black truck, arrived and parked behind Slusher's vehicle. Campbell drove the black truck, and Kerr sat in the passenger seat.

Campbell exited her vehicle and walked to the driver-side door of Slusher's truck. After a brief interaction, Campbell returned to her truck and left the parking lot. Officer Tosh observed those events, except for the moment when Campbell was at Slusher's door. Slusher, however, testified that Campbell approached the open window of her truck, dropped the drugs into a cup holder, and took the money that Slusher had left there

Slusher then drove directly back to the staging area. She was followed by Officer Tosh, who confirmed that Slusher made no stops along the way. Slusher gave Officer Crowe a baggy that held a clear crystalline substance. She also returned the surveillance equipment. Officer Wilson searched Slusher and her purse while Officer Tosh searched the truck, confirming that Slusher possessed no other contraband. Although the substance first tested negative in a field test, a laboratory test confirmed that the substance was, in fact, methamphetamine.

After denying Campbell's motion to strike and renewed motion to strike, the trial court found her guilty of distributing a Schedule II controlled substance. The court sentenced her to a term of ten years' incarceration, suspending nine years and five months, for an active term of seven months. The court also imposed a two-year term of supervised probation and ordered that Campbell pay restitution.

Campbell challenges the sufficiency of the evidence to support her conviction.

## STANDARD OF REVIEW

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

## ANALYSIS

Campbell argues that Slusher's testimony was tainted by her desire to cooperate with law enforcement in exchange for leniency on a pending charge. She also claims that Slusher had the opportunity to acquire the drugs when not under direct surveillance by members of the task force, a possibility that she claims the Commonwealth failed to exclude.

Witness credibility and the weight given to witness testimony "are matters solely for the fact finder[,] who has the opportunity to see and hear that evidence as it is presented." *Hammer v. Commonwealth*, 74 Va. App. 225, ___ (2022) (quoting *Gerald*, 295 Va. at 486). "The power to segregate a witness's testimony into the believable, partly believable, or wholly unbelievable is an exercise of decisional discretion intrinsic to the factfinding task and essential to its proper

- 4 -

performance." *James v. Commonwealth*, 53 Va. App. 671, 679 n.2 (2009) (quoting *Harper v. Commonwealth*, 49 Va. App. 517, 523 (2007)). So we defer to "the trial court's determination of the credibility of witness testimony unless, 'as a matter of law, the testimony is inherently incredible.'" *Hammer*, 74 Va. App. at ___ (quoting *Lambert v. Commonwealth*, 70 Va. App. 740, 759 (2019)). To be inherently incredible, testimony must be "so manifestly false that reasonable [people] ought not to believe it" or "shown to be false by objects or things as to the existence and meaning of which reasonable [people] should not differ." *Id.* at ___ (quoting *Gerald*, 295 Va. at 487).

We are not persuaded by Campbell's argument that Slusher's testimony was inherently incredible because she was motivated to give the task-force officers the "right answers" so that she would receive leniency on pending drug charges. The trial court considered Slusher's criminal record and her cooperation with law enforcement. *Yates v. Commonwealth*, 4 Va. App. 140, 144 (1987) (affirming a conviction based on testimony of an accomplice where the court was aware of the plea agreement and felony record). The court acknowledged that Slusher's testimony at times was "equivocal," but it found that her testimony was corroborated by Officer Tosh's. We cannot find from this record that Slusher's testimony was "so manifestly false that reasonable [people] ought not to believe it" or "shown to be false by objects or things as to the existence and meaning of which reasonable [people] should not differ." *Hammer*, 74 Va. App. at ___.

The evidence also sufficed to exclude Campbell's hypothesis that Slusher got the methamphetamine somewhere else. "[T]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." *Ragland v. Commonwealth*, 67 Va. App. 519, 531 (2017) (quoting *Case v. Commonwealth*, 63 Va. App. 14, 23 (2014)). A trial court's determination that an alternative

hypothesis of innocence is unreasonable represents a finding of fact that "is binding on appeal unless plainly wrong." *Id.* (quoting *Wood v. Commonwealth*, 57 Va. App. 286, 306 (2010)).

Here, the officers searched Slusher at the outset to confirm that she had no drugs. They lost sight of her during the six minutes in which she drove to the McDonald's, but Slusher testified that she drove straight there, without stopping. And although Officer Tosh's view of Slusher in the McDonald's parking lot was briefly obstructed when Campbell delivered the drugs through the window of Slusher's truck, Slusher testified to the details of what happened. Officer Tosh then followed her back to the staging area where she presented the drugs she had bought from Campbell.

The trial court found Slusher's testimony credible and corroborated by Officer Tosh's testimony. The court concluded that "the evidence doesn't support" the speculation that Slusher "stopped somewhere else." *Accord Bennett v. Commonwealth*, 69 Va. App. 475, 494-95 (2018) (affirming drug-distribution conviction despite that the confidential informant did not testify because "investigators searched the informant before and after the transaction, monitored his movements throughout the relevant period of time, and kept him in view except for the period during which he met the appellant"). Campbell has failed to show that the trial court's rejection of her alternative hypothesis of innocence was "plainly wrong." *Wood*, 57 Va. App. at 306.

CONCLUSION

We find no merit in Campbell's challenge to the sufficiency of the evidence.

*Affirmed.*